# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DONNA L. GRAY,<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>NANCY A. BERRYHILL,<br><br>　　　　Defendant(s). | Case No. 2:17-cv-02307-JAD-NJK<br><br>**REPORT AND RECOMMENDATION** |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits pursuant to Title XVI of the Social Security Act. Currently before the Court is Plaintiff's Motion for Reversal and/or Remand. Docket No. 17. The Commissioner filed a response in opposition and a Cross-Motion to Affirm. Docket Nos. 24, 25. No reply was filed. This action was referred to the undersigned magistrate judge for a report of findings and recommendation.

**I.   STANDARDS**

　　A.   <u>Judicial Standard of Review</u>

The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The Court may enter,

1

"upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In determining whether the Commissioner's findings are supported by substantial evidence, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before this Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g., Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

B. Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. § 416.920(a)(4). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. § 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. § 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. § 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. § 416.921; Social Security Rulings ("SSRs") 85-28 and 96-3p.[1] If the individual

---

[1] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1224

does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 416.920(d), 416.925, 416.926.  If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. § 416.909), then a finding of disabled is made.  20 C.F.R. § 416.920(d).  If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity.  20 C.F.R. § 416.920(e).  The residual functional capacity is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments.  SSR 96-8p.  In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence.  20 C.F.R. § 416.929; SSRs 96-4p, 96-7p.[2]  To the extent that statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 416.927.

---

(9th Cir. 2009). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Id.*

[2] SSR 96-7p has been superseded by SSR 16-3p, which became effective after the ALJ's decision in this case.

The fourth step requires the ALJ to determine whether the individual has the residual functional capacity to perform his past relevant work ("PRW"). 20 C.F.R. § 416.920(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 416.960(b), 416.965. If the individual has the residual functional capacity to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience. 20 C.F.R. § 416.920(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

## II.     BACKGROUND

### A.     Procedural History

On November 5, 2013, Plaintiff filed an application for supplemental security income alleging a disability onset date of August 27, 2013. *See, e.g.*, Administrative Record ("A.R.") 141-51. Plaintiff's claim was denied initially on March 13, 2014, and upon reconsideration on August 27, 2014. A.R. 75-79, 82-84. On September 18, 2014, Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). A.R. 89-91. On November 3, 2015, Plaintiff, Plaintiff's attorney, and a vocational expert appeared for a hearing before ALJ Donald Colpitts. *See* A.R. 32-49. On February 1, 2016, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability, as defined by the Social Security Act, since the date the application was

filed.  A.R. 16-31.  On July 5, 2017, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review.  A.R. 1-7.

On September 1, 2017, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g).  *See* Docket No. 1.

B.      The Decision Below

The ALJ's decision followed the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920.  A.R. 16-31.  At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since November 5, 2013.  A.R. 21.  At step two, the ALJ found that Plaintiff has the following severe impairments:  valvular heart disease, peripheral vascular disease, back disorder, multiple sclerosis and hepatitis C.  A.R. 21.  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 21.  The ALJ found that Plaintiff has the residual functional capacity to perform the full range of light work as defined by 20 C.F.R. § 416.967(b).  A.R. 21-25.  At step four, the ALJ found Plaintiff is incapable of performing past relevant work.  A.R. 25.  At step five, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform based on age, education, work experience, and residual functional capacity.  A.R. 25-26.  In doing so, the ALJ defined Plaintiff as a younger individual with at least a high school diploma and able to communicate in English.  A.R. 25.  The ALJ found that the transferability of skills immaterial. A.R. 25.  The ALJ considered Medical Vocational Rules, which provide a framework for finding Plaintiff not disabled, along with vocational expert testimony that an individual with the same residual functional capacity and vocational factors could perform work as a cashier, routing clerk, and parking lot attendant.  A.R. 25-26.

Based on all of these findings, the ALJ found Plaintiff not disabled and denied the application for supplemental security income.  A.R. 26.

**III.    ANALYSIS AND FINDINGS**

Plaintiff raises a single argument on appeal:  whether the ALJ erred in not including rheumatoid arthritis as a severe impairment at step two of the analysis.  Docket No. 17.  Plaintiff

6

argues that failure to do so was error given a diagnosis that she suffered from rheumatoid arthritis. *Id.* at 6-7. The Commissioner counters that the ALJ did not err because a diagnosis alone is insufficient to establish a severe impairment and Plaintiff otherwise fails to meet her burden of showing that any impairment stemming from rheumatoid arthritis is severe. *See* Docket No. 24 at 4-5. The Commissioner further argues that any error was harmless since Plaintiff has identified no unique limitations from her arthritis that were not otherwise considered by the ALJ with respect to her other impairments. *See id.* at 5-6. The Commissioner has the better argument.

      A social security claimant bears the burden of showing at step two that she suffers from a medically severe impairment. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). A diagnosis, standing alone, is insufficient to meet that burden of establishing severity. See *Young v. Sullivan*, 911 F.2d 180, 184-85 (9th Cir. 1990); *see also Perkins v. Astrue*, 535 F. Supp. 2d 986, 991-92 (C.D. Cal. 2008). The fact that a medically determinable condition exists does not automatically mean the symptoms therefrom are severe; the claimant must provide evidence that the impairment is severe. *E.g.*, *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).[3]

      In this case, Plaintiff's testimony at the hearing specific to her arthritis was limited to an indication that the pain to which she was testifying was attributable to multiple sclerosis but that "they're thinking I also might have some type of arthritis" given some growths on her joints. A.R. 37. After the hearing, Plaintiff submitted a sentence-long, hand-written note from Dr. James Zinser that the attached test results from the week before the hearing supported a diagnosis of rheumatoid arthritis. A.R. 428; *see also* A.R. 401 (record of initial visit on October 27, 2015, including notation that tests should be taken to check for rheumatoid arthritis since Plaintiff's symptoms were "suggestive of early RA").[4] While these records might suffice to establish a

---

[3] "Severity" exists when an impairment significantly limits the claimant's ability to perform basic work activity for a period of at least 12 consecutive motions. 20 C.F.R. § 416.920(a)(4)(ii), (c).

[4] Plaintiff also notes a medical record from May 29, 2015, in which it is recorded that Plaintiff "reports arthralgias/joint pain (rheumatoid) but reports no muscle aches, no muscle weakness, no back pain, and no swelling in the extremities." A.R. 348.

7

diagnosis of rheumatoid arthritis,[5] Plaintiff has not demonstrated that she suffered from a severe impairments arising out of that condition. As such, the ALJ did not err in not finding that Plaintiff's rheumatoid arthritis was a severe impairment.[6]

Moreover, even if the ALJ did err as Plaintiff alleges, she has not shown that the error was harmful to her claim. Plaintiff bears the burden of demonstrating harmful error. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). When a plaintiff claims an ALJ failed to adequately account for an impairment in finding her not disabled, she must detail what limitations were improperly excluded. *See, e.g.*, *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692 n.2 (9th Cir. 2009) ("We reject any invitation to find that the ALJ failed to account for Valentine's injuries in some unspecified way"). An ALJ's failure to find an impairment severe at step two is harmless when there are no unique limitations associated with that impairment that are not otherwise considered by the ALJ at step four. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007); *see also Yanchar v. Berryhill*, 720 Fed. Appx. 367, 370 (9th Cir. 2017); *Somogyi*, 2018 WL 1135423, at *3. As the Commissioner notes, the ALJ here provided extensive discussion of Plaintiff's limitations arising out of her multiple sclerosis at step four, limitations that parallel those alleged with respect to Plaintiff's rheumatoid arthritis. Docket No. 24 at 5-6; *see also* A.R. 23-24. Plaintiff identifies no additional limitation arising from her rheumatoid arthritis that was not already considered by the ALJ and, consequently, Plaintiff has not met her burden of showing that the error alleged is harmful.

---

[5] The record also includes findings expressly negating a rheumatoid arthritis diagnosis. A.R. 355-56 (medical record prepared by Dr. Faezeh Izadmanesh on May 30, 2014, indicating that Plaintiff's "symptoms & presentation do not suggest rheumatoid arthritis" (emphasis added)).

[6] Plaintiff suggests that the ALJ erred by failing to discuss this diagnosis. *See* Docket No. 17 at 7 ("The ALJ did not even mention any of treatment [sic] notes nor Gray's testimony of the rheumatoid arthritis"). The Court is not persuaded. *See, e.g.*, *Somogyi v. Berryhill*, 2018 WL 1135423, at *2 (C.D. Cal. Feb. 27, 2018) (failure to discuss arthritis at step two was not error because diagnosis was not probative of work-related functional limitations); *Gorder v. Colvin*, 2014 WL 1466450, at *3 (W.D. Wash. Apr. 15, 2014) (reference to diagnosis, without indication that the condition was severe, "is not significant, probative evidence that the ALJ needed to discuss at step two").

For these reasons, the undersigned concludes that the ALJ did not err in failing to find that Plaintiff's rheumatoid arthritis was a severe impairment at step two. Moreover, even had the ALJ so erred, Plaintiff has not met her burden of showing that error was not harmless.

## V. CONCLUSION

Judicial review of the Commissioner's decision to deny disability benefits is limited to determining whether the decision is free from legal error and supported by substantial evidence. It is the ALJ's responsibility to make findings of fact, draw reasonable inferences from the record, and resolve conflicts in the evidence including differences of opinion. Having reviewed the Administrative Record as a whole and weighed the evidence that supports and detracts from the conclusion, the undersigned finds that the ALJ's decision is supported by substantial evidence under 42 U.S.C. § 405(g) and the ALJ did not commit legal error.

Based on the forgoing, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion for Reversal and/or Remand (Docket No. 17) be **DENIED** and that the Commissioner's Cross-Motion to Affirm (Docket No. 24) be **GRANTED**.

Dated: June 20, 2018

_____
Nancy J. Koppe
United States Magistrate Judge

## NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).